UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACQUELINE YOUNGBLOOD,

                Plaintiff,

v.

CAROLYN W. COLVIN,
  Acting Commissioner of Social Security,

                Defendant.

Case No. 13-CV-209-JPS

ORDER

      This case has had a long and torturous path. After the plaintiff filed her opening brief seeking remand or an award of benefits (Docket #15), the Commissioner moved to remand the case for further proceedings (Docket #16). The plaintiff opposed that request, instead digging in and demanding an award of benefits. (Docket #18). The Court entered an order, granting the Commissioner's motion in part, and denying the plaintiff's motion for an award of benefits. (Docket #21). Because of confusion amongst the parties and the Court regarding the sentence pursuant to which the case needed to be remanded, the Court vacated its initial order and required further briefing from the parties. (Docket #31). The parties filed further briefs consistent with their prior positions—the Commissioner seeking remand and the plaintiff seeking an award of benefits. (Docket #32, #33, #34, #35).

      Finally, on March 4, 2014, the Court entered an order remanding this case for further proceedings, in keeping with the Commissioner's request. (Docket #36). Neither party appealed the Court's ruling, making it final. Through counsel, plaintiff thereafter timely filed a motion for attorney fees, pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. §§ 2412(d)(1)(b), (d)(2)(G).

The Commissioner opposes that request in part, arguing that the plaintiff should not recover any fees for work completed after the Commissioner's motion to remand. (Docket #41). The Commissioner argues that, after the point that the plaintiff refused an offer to remand the case, plaintiff did not achieve any success: she did not receive an award of benefits, as she had held out for. (Docket #41). The plaintiff disagrees, arguing that she did achieve some success and that the Commissioner's position was not substantially justified. (Docket #42). The Court must now resolve this dispute.

However, before doing so, the Court describes what is not at issue. First, the hourly rate suggested by the plaintiff—$185.00 for hours worked in 2013 and $187.50 for hours worked in 2014—is reasonable. That rate is consistent with the rate of inflation and plaintiff's counsel's abilities (*see* Docket #39); moreover, the Government does not oppose it (*see* Docket #41). Second, plaintiff's counsel spent 29.60 hours working on the case prior to the Commissioner's motion to remand and 2.80 hours on her opening brief in support of her EAJA request; the Government does not oppose an award of EAJA fees for that work. Accordingly, the Court begins its analysis with a baseline assumption that the plaintiff is entitled to an award of $6,001.00[1] in EAJA fees, representing:

1) $5,476.00 for 29.60 hours worked at a rate of $185.00 in 2013, prior to the Commissioner's motion for remand; and

2) $525.00 for 2.80 hours worked at a rate of $187.50 in 2014, in preparing the motion for an award of EAJA fees.

---

[1] Not the Commissioner's suggested $5,994.00, which is based upon having calculated the EAJA-related hours at the 2013 rate.

Nonetheless, the Court must still determine whether the plaintiff is entitled to: (1) fees for hours worked after the Commissioner's motion for remand; and (2) fees for hours worked in preparing her reply in support of her EAJA request.

The EAJA allows for an award of fees to a plaintiff in cases against the United States when: (1) the United States' position was not "substantially justified"; (2) there is no special circumstance that would render an award unjust; and (3) the plaintiff's application for fees is timely. 28 U.S.C. §§ 2412(d)(1)(A), (B); *see also United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (citing *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990)); *Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1090 (E.D. Wis. 2003) (citing *Hallmark*, 200 F.3d at 1078–79). That determination is particularly complicated in this case because the plaintiff received positive results (a remand) that did not fulfill her entire request and the fact that there were more rounds of briefing than is typical in Social Security cases. Case law in the district courts is split on whether EAJA fees should be awarded for time spent after an offer of remand. *Schroeder v. Barnhart*, No. 98-CV-6152, 2002 WL 31452428, at *2–*3 (S.D.N.Y. Jan.22, 2002) (denying fees where plaintiff should have recognized that the controlling case law warranted remand); *Tavarez v. Comm'r, Soc. Sec. Admin.*, No. 00-CV-4317, 2001 WL 936240, at *3 (S.D.N.Y. Aug.17, 2001) (denying fees where conflicting evidence warranted remand); *Hernandez v. Apfel*, No. 96-CV-7231, 2001 WL 118604, at *2–*3 (S.D.N.Y. Feb.8, 2001) (same); and *McLaurin v. Apfel*, 95 F. Supp. 2d 111, 116 (E.D.N.Y. 2000) (same). *Contra Holmes v. Astrue*, No. 08-1829, 2010 WL 3220085, at *4 (D.S.C. Aug. 12, 2010) ("Although the court rejected Plaintiff's position as to remand based on ambiguity in the record regarding the merits, it is persuaded that the closeness of the question combined with the prior

extreme delay—over six years—justified Plaintiff's opposition to remand. For these reasons, the court disagrees with the Commissioner that the hours spent opposing remand were unreasonably expended and awards Plaintiff attorney's fees for those hours."); *Harris v. Astrue*, 701 F. Supp. 2d 410, 413 (E.D.N.Y. 2010) (EAJA fees appropriate where offer of remand came after plaintiff had filed initial brief and request for award of benefits had some merit); *Pereira v. Astrue*, 739 F. Supp. 2d 267, 271 (E.D.N.Y. 2010) (EAJA fees reasonable where sustained request for fees "was not unreasonable or frivolous"); *Uphill*, 271 F. Supp. 2d at 1092 (awarding partial fees); *Burt v. Astrue*, No. 08-CV-1427, 2011 WL 1325607, at *6 (E.D. Pa. Apr. 7, 2011) (awarding benefits, closely examining procedural record).

In support of her request to limit EAJA, the Commissioner cites *Uphill*, a 2003 case from the Eastern District of Wisconsin. (Docket #41, 2–4 (citing *Uphill*, 271 F. Supp. 2d at 1091–94). In that case, Judge Adelman provided a very good framework for analyzing EAJA requests in cases like this one, where the plaintiff has opposed a motion for remand. *Uphill*, 271 F. Supp. 2d at 1091. In such cases, "the court must analyze the basis for the plaintiff's opposition." *Id.* "If the plaintiff opposed remand in order to obtain a judicial award of benefits, the court must determine whether plaintiff's expectation of such an award was reasonable. If so, full fees should be awarded; if not, fees should be awarded only for the time spent prior to the motion to remand." *Id.*, at 1091–92 (citing *McLaurin*, 95 F. Supp. 2d at 117; other citations omitted). This is particularly true in light of the EAJA's purpose "to eliminate the financial disincentive to challenge unreasonable governmental action and to encourage counsel to take cases involving such challenges. *Uphill*, 271 F. Supp. 2d at 1092 (citing *Krecioch v. United States*, 316 F. 3d 684, 686 (7th Cir. 2003); *Sullivan v. Hudson*, 490 U.S. 877, 883–84 (1989)). While the

Court must be sure to remember that the Commissioner holds the responsibility to award benefits where there is conflicting evidence, "in those cases where the evidence is lopsided, and counsel stands a reasonable chance of obtaining an award from the court, the EAJA should not provide a disincentive to seeking such an award."

This is one of those cases where it was wholly reasonable for the plaintiff to reject the Commissioner's offer for remand so as to seek an award of benefits from the Court. Here, the evidence was, indeed, lopsided. Ultimately, the Court found certain limited questions remaining as to whether the record contains evidence of deficits in adaptive functioning, thus requiring remand; but that was an extremely close question, which the Court had to spend a majority of its order discussing. (Docket #36 at 4–9). On the other hand, the remaining determinations were not close, all favoring the plaintiff. The Court even reiterated its dissatisfaction with the Commissioner's argument that remand was necessary for further IQ testing (Docket #36 at 9), and noted the substantial support for the remaining requirements (Docket #36 at 4, 9). The evidence was thus lopsided—three pieces of the analysis weighing firmly in the plaintiff's favor, and the other a draw—and it was absolutely reasonable for the plaintiff to reject the Commissioner's offer for remand. *See Uphill*, 271 F. Supp. 2d at 1092 ("in those cases where the evidence is lopsided, and counsel stands a reasonable chance of obtaining an award from the court, the EAJA should not provide a disincentive to seeking such an award.").[2]

---

[2]The parties discuss whether or not the plaintiff achieved success by having the Court restrict the Commissioner on remand (Docket #41 at 4; Docket #42 at 4–8). But, under the *Uphill* framework, this is ultimately irrelevant, because the Court determined that the plaintiff's expectation of an award was reasonable. *See* 271 F. Supp. 2d at 1091–92.

This is particularly true in light of the Kafka-esque bureaucratic nightmare that the plaintiff has been subjected to over the last *eight years* (she filed for benefits in September of 2006). *See Burt*, 2011 WL 1325607, at *6 (awarding benefits after taking serious issue with the procedural issues suffered by the plaintiff). It is unimaginable that after two hearings before an administrative law judge and two visits to the Social Security Appeals Council (the first visit resulting in a remand), the Commissioner is *still* attacking the validity of IQ determinations made by *her own experts*. (*See* Docket #21 at 1–2; Tr. 7, 18–25, 428–42). Given the unconscionable length of time that has passed between the plaintiff's initial application and today—during which time she cannot work, but also is not receiving any income—and abject failure of the administrative system to adequately address her claims, the Court finds that the plaintiff's choice to seek benefits from this Court was totally reasonable. Not only was it based upon a lopsided evidentiary record, it was also the only way to avoid a costly and time-consuming remand for additional evidence-gathering and a third hearing. Although she ultimately did not prevail, the plaintiff's position was reasonable.

"If counsel has a reasonable chance of obtaining benefits from the court, without another round of administrative proceedings (and the attendant delay), he or she should be encouraged to pursue that remedy." *Uphill*, 271 F. Supp. 2d at 1092. That is precisely what occurred, here. Thus, the Court will grant the plaintiff's full EAJA request. Plaintiff's counsel has documented his work and hours well; that work and time was necessary given the complexity of this case. Moreover, the Court will also grant attorney fees for the time plaintiff's counsel spent drafting the EAJA reply brief. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 162–66 (1990).

IT IS HEREBY ORDERED that the plaintiff's motion for an award of attorney fees (Docket #38) be and the same is hereby GRANTED, and an award of attorney's fees in the sum of $15,900.75 shall be paid by the Commissioner in full satisfaction and settlement of any and all claims the plaintiff may have in this matter pursuant to the Equal Access to Justice Act. These fees are awarded to the plaintiff and not the plaintiff's attorney and can be offset to satisfy pre-existing debts that the litigant owes the United States under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). If counsel for the parties verify that the plaintiff owes no pre-existing debt subject to offset, then the defendant shall direct that the award be made payable to the plaintiff's attorney pursuant to the EAJA assignment signed by the plaintiff and counsel. If the plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Social Security Administration will instruct the U.S. Department of Treasury that any check for the remainder after offset will be made payable to the plaintiff and mailed to the business address of the plaintiff's attorney.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2014.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge